|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |
| 3 | EVAN RATCLIFF, | Case No. 2:19-cv-01275-GMN-NJK |
| 4 | Plaintiff | SCREENING ORDER |
| 5 | v. | |
| 6 | SCOTT MATTINSON et al., | |
| 7 | Defendants | |

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*, a motion for preliminary injunction, and a motion requesting preliminary injunction be granted. (ECF Nos. 1, 1-1, 3, 4). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A and addresses the motions.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's

claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then

1  determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining
2  whether a complaint states a plausible claim for relief . . . [is] a context-specific task that
3  requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP") and Southern Desert Correctional Center ("SDCC"). (ECF No. 1-1 at 1). Plaintiff sues Defendants Director of Nursing Scott Mattinson, Medical Director Michael Minev, and Associate Warden J. Nash. (*Id.* at 1-2). Plaintiff alleges one count and seeks monetary and injunctive relief. (*Id.* at 4, 9).

The complaint alleges the following: In 2016, Plaintiff acquired a "lingering chronic cough and chest pains" that has lasted for three years. (*Id.* at 3). In 2016, Plaintiff wrote medical kites about his lingering chronic cough and chest pains. (*Id.* at 4). However, Plaintiff was never diagnosed and none of the treatments that prison officials provided to Plaintiff have helped. (*Id.*)

On June 26, 2018, Plaintiff filed an informal grievance because he had not seen a doctor to give him a proper diagnosis. (*Id.*) The response stated that Plaintiff's grievance had been resolved but Plaintiff had not received any diagnosis by a doctor and had not seen a doctor. (*Id.*) Plaintiff filed more kites on July 16, 2018, July 31, 2018, and August 2, 2018 because the medication prison officials had given Plaintiff was not helping. (*Id.*)

On September 27, 2018, Plaintiff filed a grievance explaining that his condition

continued and that he had not seen a doctor yet. (*Id.* at 5). Mattinson granted the grievance in Plaintiff's favor. (*Id.*) However, Plaintiff had still not received a diagnosis and had not seen a doctor. (*Id.*) On October 3, 2018 and October 15, 2018, Plaintiff wrote more medical kites about his condition. (*Id.*) In October or November 2018, Plaintiff saw a doctor who gave Plaintiff medication. (*Id.*) However, the medication did not help with Plaintiff's condition. (*Id.*) On December 6, 2018, Plaintiff wrote another kite to be seen by a doctor again and noted that he had not been given a diagnosis. (*Id.*) On December 27, 2018 and January 19, 2019, Plaintiff filed two more medical kites because, despite seeing the doctor, nothing was helping Plaintiff's condition. (*Id.*) "Things were only getting worse" for Plaintiff and he still had no diagnosis. (*Id.*) Plaintiff's cough continues to get worse along with his chest pains. (*Id.*) Mattinson was aware of Plaintiff's condition. (*Id.*) Some days Plaintiff's chest pain was unbearable. (*Id.* at 6). Plaintiff alleges a claim for Eighth Amendment deliberate indifference to serious medical needs. (*Id.* at 4).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain

or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

The Court finds that Plaintiff fails to allege a colorable claim at this time. Plaintiff has not sufficiently alleged that prison officials failed to respond to his medical need. Based on the allegations, prison medical officials have seen Plaintiff and have prescribed him medication. However, it appears that the medical professionals—both doctors and nurses—do not know what Plaintiff's condition is because they have been unable to properly diagnosis him and prescribe him effective medication. These allegations do not state an Eighth Amendment violation. As such, the Court dismisses the complaint in its entirety, without prejudice, with leave to amend.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the

original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a claim.

### III. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff files a motion for preliminary injunction based on the allegations in his complaint. (*See generally* ECF No. 3). Plaintiff also states that he has seen a provider about four times, has had different diagnoses of both bronchitis and pneumonia, and has been given medication. (*Id.* at 4). However, Plaintiff's condition continues to worsen. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies the motion for preliminary injunction (ECF No. 3) without prejudice. As discussed above, Plaintiff has not established that he is likely to succeed on the merits of his claim. Moreover, Plaintiff's motion seems to allege facts that support the notion of negligent treatment or diagnosis—which is not a constitutional violation—rather than a claim for Eighth Amendment deliberate indifference to serious medical needs.

The Court also denies the motion to grant the motion for preliminary injunction (ECF No. 4).

## IV.  CONCLUSION

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that the complaint (ECF No. 1-1) is dismissed in its entirety, without prejudice, with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

It is further ordered that the motion for preliminary injunction (ECF No. 3) is denied without prejudice.

It is further ordered that the motion to grant the motion for preliminary injunction

1 | (ECF No. 4) is denied.

3 | DATED THIS __23__ day of October 2019.

_____
Gloria M. Navarro, Judge
United States District Court