# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EVAN RATCLIFF,

    Plaintiff(s),

v.

SCOTT MATTINSON, et al.,

    Defendant(s).

Case No.: 2:19-cv-01275-GMN-NJK

**ORDER**

[Docket No. 45]

Pending before the Court is Plaintiff's motion to substitute parties. Docket No. 45. The Court has considered Plaintiff's motion, the response filed by Defendants Michael Minev and Jennifer Nash ("Defendants"), and Plaintiff's reply. Docket Nos. 45, 47, 48. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court **GRANTS** in part Plaintiff's motion.

**I.     BACKGROUND**

On July 23, 2019, Plaintiff, who is proceeding *pro se* and is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), filed a complaint asserting Eighth and Fourteenth Amendment claims against Defendants Medical Director Michael Minev, Director of Nursing Scott Mattinson, and Associate Warden Jennifer Nash.[1]  Docket No. 1.  On December 11, 2019, United States District Judge Gloria M. Navarro issued a screening order and found that Plaintiff stated colorable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Minev, Mattinson, and Nash.  Docket No. 12 at 8.  Judge Navarro referred the matter to the Court's Inmate Early Mediation Program. *Id.*

---

[1] Plaintiff filed an amended complaint on November 8, 2019. Docket No. 8.

1

On December 30, 2019, the Office of the Attorney General for the State of Nevada ("Attorney General") filed a limited notice of appearance on behalf of Defendants Minev, Mattinson, and Nash for mediation purposes. Docket No. 13. On June 30, 2020, the Attorney General filed a suggestion of death advising that Defendant Mattinson had died on June 10, 2020. Docket No. 30. On July 7, 2020, the undersigned ordered Defendants to file either a notice and proof of service on Defendant Mattinson's successor or a declaration outlining the efforts made to locate a successor. Docket No. 31.

On July 21, 2020, following unsuccessful mediation efforts, Judge Navarro ordered the Attorney General to file a notice stating for which defendants it would accept service and to file under seal the last-known-address of those defendants for whom it would not accept service. Docket No. 35 at 2. On August 11, 2020, the Attorney General filed a notice advising that it would accept service for Defendants Minev and Nash. Docket No. 36.

On August 31, 2020, the Attorney General filed a notice stating that it did not believe it could comply with the Court's order at Docket No. 31, due to ethical obligations pursuant to the Nevada Rules of Professional Conduct ("NRPC"). *See* Docket Nos. 44, 44-1. On September 10, 2020, Plaintiff filed the instant motion to substitute parties, seeking to substitute Defendant Minev for Defendant Mattinson. Docket No. 45 at 1.

## II. LEGAL STANDARD

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).[2] "Thus, when making a determination as to whether a motion to substitute should be granted, the Court considers whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper party." *McDonald v. Lauren*, 2019

---

[2] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

WL 699997, at *1 (W.D. Wash. Feb. 19, 2019). "Rule 25 leaves the substitution decision to the trial court's sound discretion." *Robbins v. Allied Glove Corp.*, 2012 WL 6090373, at *1 (D. Nev. Dec. 5, 2012).

### III.   ANALYSIS

Plaintiff submits that substituting Defendant Minev for Defendant Mattinson is proper because Defendant Minev "is responsible for his staffs [*sic*] negative behavior, or failure to treat a patient properly." Docket No. 45 at 1. Plaintiff submits that Defendant Minev, as medical director, is responsible for ensuring that all inmates receive adequate medical care. *Id.* Plaintiff submits that he did not receive adequate medical care "even though Defendant Minev was made aware of the violation." *Id.* Plaintiff further submits that the instant motion complies with Rule 25. *Id.*

In response, Defendants submit that Plaintiff's motion to substitute parties does not comply with Rule 25 because Defendant Mattinson "is not a proper party to this action[.]" Docket No. 47 at 4. Defendants submit that Defendant Mattinson cannot be substituted for two reasons: Defendant Mattinson was never served with a summons and complaint, and the Attorney General never accepted service on Defendant Mattinson's behalf. *Id.* "A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.'" *U.S. ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928, 933 (2009) (quoting *Black's Law Dictionary* 1154 (8th ed. 2004)). Here, Plaintiff filed a lawsuit against Defendant Mattinson. The Court finds that failure to serve does not divest Defendant Mattinson of his party status. *Cf. Wasson v. Riverside Cty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).

Defendants further submit that Defendant Minev is not the proper person to substitute in Defendant Mattinson's place. Docket No. 47 at 4. Defendants submit that, unlike Defendant Mattinson, Defendant Minev is a doctor and "his role is that of an administrator for the entire NDOC, not just one of the facilities." *Id.* Defendants submit that Plaintiff has sued Defendant Mattinson in both his official and individual capacities. *See id.* at 4; *see also* Docket No. 8 at 2. Defendants further submit that Benedicto Gutierrez, the new Director of Nursing, is the proper party to substitute for Defendant Mattinson in his official capacity. Docket No. 47 at 4. "In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office." *Kentucky v. Graham*, 473 U.S. 159,

3

166 (1985); *see also* Fed.R.Civ.P. 25(d) ("The officer's successor is automatically substituted as a party."). Thus, the Court finds that Benedicto Gutierrez, Director of Nursing, is the proper party to substitute for Defendant Mattinson in his official capacity.

Neither party discusses who is the proper party to substitute for Defendant Mattinson in his individual capacity. "Should the official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate." *Kentucky*, 473 U.S. at 166. The undersigned previously ordered Defendants to file either a notice and proof of service on Defendant Mattinson's successor or a declaration outlining the efforts made to locate a successor. Docket No. 31. In response, Defendants stated that the Attorney General "believes that there is a reasonable likelihood that [Defendant Mattinson's] Estate would seek representation" from it.[3] Docket No. 44-1 at 4. In light of this reasonable likelihood, Defendants submitted "that they cannot provide a notice and proof of service on the successor nor a declaration outlining any efforts to locate a successor" because "any investigation into the identification of a potential future client would be an ethical violation" under Rules 1.7 and 2.3 of the NRPC. Docket No. 44 at 2.

Contrary to Defendants' assertions, it is incumbent upon the Attorney General on behalf of Defendants to undertake reasonable efforts to identify Defendant Mattinson's estate. As a threshold matter, Defendants' reliance on Rules 1.7 and 2.3 of the NRPC is misplaced. Rules 1.7 and 2.3 of the NRPC provide guidance on potential conflicts of interest with respect to current, not future, clients. *See* NRPC 1.7 ("Conflict of Interest: **Current Clients**") (emphasis added); NRCP 2.3 ("A lawyer may provide an evaluation of a matter **affecting a client** . . . if the lawyer reasonably believes that making the evaluation is compatible with . . . **the lawyer's relationship with the client**.") (emphasis added). As Defendants make clear, the Attorney General represents neither Defendant Mattinson nor his estate at this time. *See* Docket No. 36. Moreover, it is unlikely that Plaintiff, as an inmate, can undertake the required research to identify Defendant's Mattinson's

---

[3] Defendants note that Defendant Mattinson "was married at the time of his passing." Docket No. 44-1 at 4.

estate.[4] Therefore, the Court finds that Defendants must file either a notice and proof of service on Defendant Mattinson's successor or a declaration outlining the efforts made to locate a successor.[5]

**IV.  CONCLUSION**

Accordingly, the Court **GRANTS** in part Plaintiff's motion to substitute parties. Docket No. 45. The Clerk of Court is **INSTRUCTED** to substitute Benedicto Gonzalez, Director of Nursing, for Defendant Mattinson in his official capacity. No later than October 23, 2020, the Attorney General must **FILE** a notice identifying the executor of Defendant Mattinson's estate and/or his successor.

IT IS SO ORDERED.

Dated: October 9, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Indeed, Judge Navarro ordered the Attorney General to file under seal the last-known-address for those defendants it would not accept service. *See* Docket No. 35 at 2. The Attorney General failed to do so. *See* Docket.

[5] In at least two cases in this district, the Attorney General has complied with court orders requiring it to identify a defendant's estate. *See Brand v. Cox*, 2018 WL 4210770, at *6 (D. Nev. Sept. 4, 2018); *Collins v. Collins*, 2018 WL 4181623, at *4 (D. Nev. Aug. 30, 2018).

5