UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EVAN RATCLIFF,

    Plaintiff(s),

v.

SCOTT MATTINSON, et al.,

    Defendant(s).

Case No.: 2:19-cv-01275-GMN-NJK

**ORDER**

[Docket No. 52]

    Pending before the Court is a partial motion for reconsideration filed by Defendants Jennifer Nash, Michael Minev, and Benedicto Gutierrez's ("Defendants").[1] Docket No. 52. The Court has considered Defendants' motion, Plaintiff's response, and Defendants' reply. Docket Nos. 52, 53, 55. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court **DENIES** Defendants' motion.

**I.   BACKGROUND**

    On July 23, 2019, Plaintiff, who is proceeding *pro se* and is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), filed a complaint asserting Eighth and Fourteenth Amendment claims against Defendants Medical Director Michael Minev, Director of Nursing Scott Mattinson, and Associate Warden Jennifer Nash.[2] Docket No. 1. On December 11, 2019, United States District Judge Gloria M. Navarro issued a screening order and finding that Plaintiff stated colorable Eighth Amendment deliberate indifference to serious medical needs claims against

---

[1] Although not listed in the motion, Defendant Benedicto Gutierrez is listed as a party to the motion in Defendants' reply. *See* Docket No. 55 at 1.

[2] Plaintiff filed an amended complaint on November 8, 2019. Docket No. 8.

1

Defendants Minev, Mattinson, and Nash. Docket No. 12 at 8. Judge Navarro referred the matter to the Court's Inmate Early Mediation Program. *Id.*

On December 30, 2019, the Office of the Attorney General for the State of Nevada ("Attorney General") filed a limited notice of appearance on behalf of Defendants Minev, Mattinson, and Nash for mediation purposes. Docket No. 13. On June 30, 2020, the Attorney General filed a suggestion of death advising that Defendant Mattinson had died on June 10, 2020. Docket No. 30. On July 7, 2020, the Court ordered Defendants to file either a notice and proof of service on Defendant Mattinson's successor or a declaration outlining the efforts made to locate a successor. Docket No. 31.

On July 21, 2020, following unsuccessful mediation efforts, Judge Navarro ordered the Attorney General to file a notice stating for which defendants it would accept service and to file under seal the last-known-address of those defendants for whom it would not accept service. Docket No. 35 at 2. On August 11, 2020, the Attorney General filed a notice advising that it would accept service for Defendants Minev and Nash. Docket No. 36.

On August 31, 2020, the Attorney General filed a notice stating that it did not believe it could comply with the Court's order at Docket No. 31, due to perceived ethical obligations pursuant to the Nevada Rules of Professional Conduct ("NRPC"). *See* Docket Nos. 44, 44-1.

On September 10, 2020, Plaintiff filed a motion to substitute parties, seeking to substitute Defendant Minev for Defendant Mattinson. Docket No. 45. Defendant Minev, through his attorney at the Attorney General's Office, opposed the motion. Docket No. 47. On October 9, 2020, the Court granted in part Plaintiff's motion to substitute parties. Docket No. 49. The Court instructed the Clerk's Office to substitute Benedicto Gutierrez, the new director of nursing, for Defendant Mattinson in his official capacity. *Id.* at 5. Further, to identify the proper substituting party for Defendant Mattinson in his personal capacity, the Court ordered Defendants to file a notice identifying the executor of Defendant Mattinson's estate and/or his successor, no later than October 23, 2020. *Id.* On October 23, 2020, Defendants filed the instant motion asking the Court to reconsider its order directing Defendants to file a notice identifying the executor of Defendant Mattinson's estate and/or his successor. Docket No. 52.

## II. LEGAL STANDARD

Motions for reconsideration are disfavored. Local Rule 59-1(b); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) ("Reconsideration is 'an extraordinary remedy, to be used sparingly.'") (citing *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a); *see also Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). It is well-settled that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterps., Inc*, 229 F.3d at 890.

## III. ANALYSIS

Defendants submit that reconsideration is proper because ethical duties to prospective clients under Rule 1.18 of the NRPC prohibit the Attorney General from identifying the executor of Defendant Mattinson's estate and/or his successor. Docket No. 52 at 3–6. Defendants further submit that identifying the executor of Defendant Mattinson's estate and/or his successor would result in an ethical violation of the Attorney General's duties to former clients under Rule 1.9 of the NRPC. *Id.* at 6.

As a threshold matter, Defendants' motion is procedurally flawed in that they fail to cite the relevant standards and Local Rules. Defendants cite to the Nevada Rules of Civil Procedure and Rule 60(f).[3] *Id.* at 2–3. However, federal courts must apply federal procedural rules. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Moreover, the contested order was interlocutory, not case-dispositive, and Rule 60(f) governs case-dispositive orders. *See Turner v. Wells Fargo Bank, N.A.*, 2012 WL 3562742, at *1 (D. Nev. Aug. 17, 2012) (stating motion to

---

[3] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

3

reconsider final appealable order is appropriately brought under Rule 60(b), but reconsideration of a non-final order is reviewed under court's inherent jurisdiction); *see also* Local Rule 59-1(a) (stating reconsideration of case-dispositive orders is governed by Rules 59 or 60, as applicable).

Defendants' motion is also procedurally flawed in that motions for reconsideration are not vehicles for raising arguments that should have been presented in the underlying motion practice. *See Kona Enterps., Inc.*, 229 F.3d at 890. In responding to Plaintiff's motion for substitution, Defendants failed to discuss the proper party to substitute for Defendant Mattinson in his individual capacity. *See generally* Docket No. 47. Nonetheless, the Court reviewed a prior notice, where Defendants stated that the Attorney General "believes that there is a reasonable likelihood that [Defendant Mattinson's] Estate would seek representation" from it. Docket No. 44-1 at 4. In light of this reasonable likelihood, Defendants submitted "that they cannot provide a notice and proof of service on the successor nor a declaration outlining any efforts to locate a successor" because "any investigation into the identification of a potential future client would be an ethical violation[.]" Docket No. 44 at 2. To support their position, Defendants cited Rules 1.7 and 2.3 of the NRPC, which offer guidance on the ethical duties owed to current, not prospective, clients. *See* Docket No. 49 at 4–5. For the first time in their motion for reconsideration, Defendants now cite Rules 1.18 and 1.9 of the NRPC, arguing that ethical duties to prospective and former clients prevent them from identifying the executor of Defendant Mattinson's estate and/or his successor. Docket No. 52 at 3–6. Defendants may not raise new arguments for the first time in a motion for reconsideration. *See Kona Enterps., Inc.*, 229 F.3d at 890. Moreover, Defendants fail to explain why these arguments were not raised in earlier motion practice.[4]  *See id.*

---

[4] Defendants submit that, although they mistakenly cited to the NRPC rule concerning current clients in their response to Plaintiff's motion for substitution, the response "was clear about the concern of a duty owed to prospective clients." Docket No. 52 at 5. Defendants' exclusive focus on the NRPC fails to consider the Court's additional reasons for ordering Defendants to file a notice identifying the executor of Defendant Mattinson's estate and/or his successor. *See* Docket No. 49 at 4–5.

In any event, Defendants' submission that Rule 1.18 of the NRPC prohibits compliance with the Court's order is unpersuasive. Rule 1.18 of the NRPC states that a prospective client is a "person who consults with a lawyer about the possibility of forming a client-lawyer relationship[.]" NRPC 1.18(a). Here, Defendants merely profess a general belief "that there is a reasonable likelihood that [Defendant Mattinson's] Estate would seek representation" from the Attorney General. Docket No. 44-1 at 4. There is no indication that anyone on behalf of Defendant

4

Finally, Defendants fail to satisfy the applicable standards. In reviewing a motion for reconsideration, the question is not whether the newly presented arguments or case law would have been persuasive if they had been presented in the underlying motion practice. Absent any suggestion that newly discovered evidence exists or that there is an intervening change in controlling law, the only question is whether the newly presented arguments and case law establish clear error or manifest injustice. *See* Local Rule 59-1(a). Where controlling legal authority from the Ninth Circuit or United States Supreme Court commands a different outcome, the clear error standard is met. *See Wagner v. Chertoff*, 607 F. Supp. 2d 1192, 1196 n.1 (D. Nev. 2009). Defendants provide no controlling case law warranting a different outcome. *See generally*, Docket No. 52. Moreover, Defendants fail to address those cases in this Court where the Attorney General has complied with similar court orders and identified a defendant's estate. *See* Docket No. 49 at 5 n.5. Thus, the Court is not persuaded that reconsideration is appropriate in this case.

**IV. CONCLUSION**

Accordingly, the Court hereby **DENIES** the motion for reconsideration. Docket No. 52. No later than November 23, 2020, the Attorney General must **FILE** a notice identifying the executor of Defendant Mattinson's estate and/or his successor.

IT IS SO ORDERED.

Dated: November 16, 2020

Nancy J. Koppe
United States Magistrate Judge

---

Mattinson's Estate has consulted with the Attorney General about the possibility of forming a lawyer-client relationship.